IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL NO. |
| : | |
| JUSTIN YANUSHEFSKI : | VIOLATION: 18 U.S.C. § 2252(a)(2) |
| : | 18 U.S.C. § 2252(a)(4)(B) |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Possession of Child Pornography)

That beginning on or about February 1, 2014, and continuing through on or about April 6, 2014, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**JUSTIN YANUSHEFSKI**

did knowingly possess a computer and computer storage devices, specifically, one Toshiba 1.5 terabyte hard drive, Serial Number 339WTAULTTV2, and one Toshiba external hard drive, line item 002, bearing Serial Number 339WTAULTTV2, which had been mailed, shipped or transported in interstate and foreign commerce. The computer and computer storage devices possessed by Defendant contained one or more visual depictions which had been mailed, shipped, and transported in interstate and foreign commerce, had been produced using materials which had been mailed and shipped and transported in interstate and foreign commerce, by any means including by computer, involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) to produce, and was a depiction of a minor engaging in sexually explicit conduct.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## COUNT TWO
### (Distribution of Child Pornography)

That beginning on or about February 1, 2014, and continuing through on or about April 6, 2014, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

### JUSTIN YANUSHEFSKI

did knowingly distribute one or more visual depictions using a means or facility of interstate commerce, specifically using a computer peer to peer network, which depictions had been shipped or transported in and affecting interstate and foreign commerce, by any means including by computer. The production of such visual depictions involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)), and the visual depictions are of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(2).

## FORFEITURE NOTICE
### (18 U.S.C. § 2253 - Criminal Forfeiture)

1.  The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 2253.

2.  Upon conviction of the offense(s) in violation of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B) set forth in Counts One and Two of this Indictment, the defendant, **JUSTIN YANUSHEFSKI**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 2253:

    (a) Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or

other matter which contains any such depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

(b)  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

(c)  Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s).

The property to be forfeited includes, but is not limited to, the following:

(a)  Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Counts One and Two; and

(b)  One (1) Toshiba 1.5 terabyte hard drive, Serial Number 339WTAULTTV2, and

(c)  One (1) Toshiba external hard drive, line item 002, bearing Serial Number 339WTAULTTV2.

3.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)  cannot be located upon exercise of due diligence;

(b)  has been transferred, sold to or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 2253 and 28 U.S.C. § 2461(c).

A TRUE BILL.

s/FOREPERSON OF THE GRAND JURY

Presented by:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

JULIA C. BOWEN
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 16th day of April, AD 2015.

Deputy Clerk