IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. 7:15-CR-10-HL-TQL |
| v. | : |
| | : |
| JUSTIN YANUSHEFSKI | : |
| | : |

FILED
JUN 17 2015
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

**PLEA AGREEMENT**

It is agreed by the United States of America, by and through its undersigned attorney, and **JUSTIN YANUSHEFSKI**, hereinafter referred to as "Defendant" and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the information against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant her understanding of the government's evidence.

(2)

Defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. Defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. Defendant understands that defendant would have the right to testify in defendant's own behalf,

but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) Defendant is guilty and will knowingly and voluntarily waive prosecution by indictment and consent that the proceedings may be by information rather than by indictment and enter a plea of guilty to Count One of the Indictment which charges that Defendant did knowingly possess computers and electronic storage devices which had been mailed, shipped, and transported in interstate and foreign commerce and which contained visual depictions which had been mailed, shipped, and transported in interstate and foreign commerce, had been produced using materials which had been mailed and shipped and transported in interstate and

2

foreign commerce, by any means including by computer, involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) to produce, and were depictions of minors engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(B) That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a statutory penalty of up to ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of not less than 5 years, or up to life. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

(C) Defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. Defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D) Defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed. Defendant understands and has discussed with defendant's attorney that defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. Defendant understands and has discussed with defendant's attorney that any objections or challenges by defendant or

3

defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order restitution in this case pursuant to Title 18, United States Code, Section 2259 to any identifiable victims.

(H) Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and defendant's waiver includes any collateral attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall retain the right to pursue a timely appeal of the sentence imposed, but not the determination of the guideline range by the District Court, directly to the Court of Appeals after the District Court imposes its sentence.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code,

Section 3742(b). If, however, the United States Attorney notices an appeal of defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.

(I) Defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Georgia following release from prison, he will be subject to the registration requirements of OCGA § 42-1-12 et seq., or if in another state to any reporting or registration requirements in that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Georgia, and shall also register with the state sex offender registration

5

agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against defendant.

(B) If defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that defendant receive a downward adjustment in the advisory guideline range. But the decision whether defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

## FORFEITURE PROVISION

The Defendant agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property which is subject to forfeiture pursuant to 18 U.S.C. § 2253, including:

(a) Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Count One;

(b) One (1) Toshiba 1.5 terabyte hard drive, bearing Serial Number 339WTAULTTV2 from a Toshiba External Hard Drive; and

(c) One (1) Toshiba External Hard Drive, Serial Number 339WTAULTTV2.

The foregoing shall hereinafter collectively be referred to as the ("subject property").

(A) Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to Federal Rule of Criminal Procedure 32.2 upon acceptance of defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J), at the time his guilty plea is accepted.

(B) Defendant agrees that the subject property was used or intended to be used to facilitate the possession of child pornography, to-wit: the defendant used the computer and its

7

components listed above to receive, download and copy, from the internet, images of child pornography.

(C) Defendant agrees fully to assist the United States in the forfeiture of the assets named in or covered by the preceding paragraph(s) and to take whatever steps are necessary to pass clear title of the above listed subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer defendant's interest in the subject property to the United States, and taking whatever steps are necessary to ensure that the assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(D) Defendant agrees not to file a claim to any of the subject property in any civil or criminal proceeding, administrative or judicial, which may be or has been initiated.

(E) Defendant agrees to waive defendant's right to notice of any forfeiture proceeding involving the subject property, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(F) Defendant knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of the subject property. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the subject property in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the subject property by the United States, the State of Georgia, or its subdivisions.

(G) Defendant agrees to make a full and complete disclosure of all assets in which defendant has any interest of, over which defendant exercises control and those which are held or

8

controlled by a nominee(s). Defendant represents and warrants to the government that Defendant has no direct or indirect interest, whether held in defendant's name, or in the name of another, in any property or asset that would be subject to forfeiture on the basis of the violations covered by this plea agreement, other than the asset listed above. Defendant understands and acknowledges that the government is relying upon Defendant's representation in entering into this plea agreement. If those representations are false or inaccurate in any way, the government may pursue any and all forfeiture remedies available.

(H) Defendant agrees that forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

(I) Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(J) The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions, if any, which are being resolved along with this plea of guilty, including any property in which the Defendant has any interest or control, if said assets, real or personal, tangible or intangible constitute or facilitated violations of 18 U.S.C. § 2252(a)(4)(B).



(K) Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets pursuant to this plea agreement.

(L) Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture is completed.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

This agreement constitutes the entire agreement between defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as

written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

Defendant admits that the allegations contained in Count One of the information are true and correct.

On April 6, 2014, Homeland Security Investigations Agents obtained and executed a search warrant at 1700 Williams St. Apt. 7, Valdosta, Georgia based upon information that someone using the Internet Protocol (IP) address associated with that residence was involved with the possession and sharing of digital images and digital videos of child pornography. Defendant was the sole occupant of this address. During a consensual interview, Defendant stated he would binge and purge images and videos of child pornography. When asked how much child pornography was located on his computer at the time of the search, Defendant replied approximately 300 child pornography videos. Defendant also stated he had downloaded all of his child pornography videos utilizing peer to peer networks to an external hard drive located in his desk. Defendant stated he first observed child pornography when he was 16, and it was an image of two children having sex that were approximately 13 years old. A couple months after that he searched for CP for the first time. When he was 19 Yanushefski said he discovered peer to peer file sharing and found CP being shared.

Agents located Defendant's hard drive, a Toshiba 1.5 Terabyte (TB) hard drive, bearing serial number 339WTAULTTV2, contained within a Toshiba External Hard Drive, Line Item 002, bearing serial number 339WTAULTTV2. A forensic examination of this hard drive

revealed 76 image files involving 17 separate National Center for Exploited and Missing Children (NCMEC) and 118 video filing involving 36 separate identified NCMEC series. The images and videos were of minors, including prepubescent minors, engaged in sexual activity including sexual intercourse with adult males and other sadistic and masochistic conduct.

The parties stipulate that Defendant possessed more than 600 images of minors engaged in sexually explicit conduct as defined in the United States Sentencing Guidelines; that the images involved prepubescent minors and minors under the age of 12 years; that there were images of minors engaged in genital or anal intercourse with adult males, that there were images of minors engaged in sexually explicit conduct that was of a sadistic and masochistic nature; and that Defendant's conduct involved use of a computer. The parties further stipulate that the images were possessed by Defendant on a computer and storage devices which had been mailed, shipped or transported in interstate and foreign commerce, that the images had been mailed, shipped or transported by means of interstate and foreign commerce and that the depictions of the minors engaging in sexually explicit conduct were produced using materials which had been mailed, shipped, or transported by means of interstate and foreign commerce.

(9)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 17th day of June, 2015.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: _____
JULIA C. BOWEN
GEORGIA BAR NO. 046709
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
P.O. BOX 1702
MACON, GA 31202
TEL. (478) 621-2700
FAX. (478) 621-2655

I, JUSTIN YANUSHEFSKI, have read this agreement or had this agreement read to me by my attorney, KEN HODGES, I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

*(signature)*
JUSTIN YANUSHEFKI
DEFENDANT

I, KEN HODGES, attorney for defendant, JUSTIN YANUSHEFSKI, have explained the information and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

*(signature)*
KEN HODGES
ATTORNEY FOR DEFENDANT